UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARY DEL CARMEN,<br>     Plaintiff(s),<br>v.<br>RYAN ALLEN,<br>     Defendant(s). | Case No.: 2:18-cv-00727-GMN-NJK<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is an order for Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction without prejudice to her seeking relief in state court. Docket No. 3. Plaintiff filed a response, arguing that this case involves a federal question. Docket No. 4 ("complaint").[1]

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in

---

[1] As Plaintiff is proceeding *pro se*, the Court construes her arguments liberally. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

It appears that Plaintiff is attempting to bring tort claims that arise under Nevada law. *See, e.g.*, Docket No. 1-1 at 10 (alleging burglary); *id.* at 13 (alleging vandalism); Docket No. 1-2 (civil cover sheet identifying nature of suit as a tort for other personal injury). Plaintiff now indicates that her claims arise under 18 U.S.C. § 1514. Docket No. 4. That provision does not create a private cause of action and, instead, allows an "attorney for the Government" to obtain an order to prohibit harassment of a victim or witness in a federal "criminal case." *Randazza v. Cox*, 2014 WL 2123228, at *4 (D. Nev. May 21, 2014); *see also Wellesley v. Chief Financial Officer*, 2010 WL 2926162, at *1 n.4 (D. Nev. July 20, 2010). This provision in inapplicable to this case, and does not provide a basis on which to exercise subject matter jurisdiction.[2]

As the Court is lacking subject matter jurisdiction, the undersigned **RECOMMENDS** that the case be **DISMISSED** without prejudice to Plaintiff seeking relief in state court and that her application to proceed *in forma pauperis* be **DENIED** as moot.

Dated: May 8, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Plaintiff does not attempt to establish the requirements for diversity jurisdiction.

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).